# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD ABUL HASNAT, et al., | Case No. 1:19-cv-00388-LJO-SAB |
| Plaintiffs, | ORDER DENYING MOTION FOR ORDER THAT GUARDIAN AD LITEM IS UNNECESSARY AND REQUIRING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM |
| v. | |
| MICHAEL POMPEO, et al., | |
| Defendants. | (ECF No. 10) |
| | TEN-DAY DEADLINE |

On March 22, 2019, Plaintiffs Mohammad Abul Hasnat, Nuzhat Aslam, Muhammad Aslam Chaudhry, and minors Q, R, and M, filed a complaint in this action. On April 4, 2019, an order issued requiring that a petition for appointment of a guardian ad litem be filed for the minor plaintiffs. On April 12, 2019, a motion to find that appointment of a guardian ad litem was unnecessary was filed.

Rule 17 of the Federal Rules of Civil Procedure states, "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Pursuant to the Local Rules of the Eastern District of California, upon commencing this action on behalf of a minor, "the attorney representing the minor or incompetent person shall

1

present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor . . . ." L.R. 202(a).

Along with the motion to find that appointment of a guardian ad litem is unnecessary Plaintiffs have filed a first amended complaint. Plaintiffs contend that the first amended complaint demonstrates the appointment of a guardian ad litem is not necessary because the minors are suing by and through their mother and their interests are derivative of hers so there is no conflict of interest.

The Court is required to take whatever measures it deems appropriate to protect the interests of a minor during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but that person must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000). However, while a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. Id., at *2.

> A guardian ad litem is appointed as a representative of the court to act for the minor in the cause, with authority to engage counsel, to file suit and to prosecute, control and direct the litigation. As an officer of the court the guardian ad litem has full responsibility to assist the court "to secure the just, speedy and inexpensive determination" of the action.

Actions by and against infants, 5 Williston on Contracts § 9:25 (4th ed.).

The Court takes seriously its obligation to protect the interest of the minors in actions that are before the Court. In this regard, it is this Court's practice to require a petition for appointment of a guardian ad litem, even where a parent is seeking to represent his child in the litigation, and the Court sees no reason to deviate from customary practice in this matter. While the parent may be appointed as a guardian ad litem, the Court requires a declaration from the parent asserting that the parent understands the responsibilities in serving as a guardian ad litem, has no conflict of interest with the child, and is willing to serve as guardian ad litem in this matter. While appointment of the parent to serve as guardian ad litem is usually made on an ex parte application and involves minimal discretion by the court where there is no conflict of interest, Bhatia v. Corrigan, No. C 07-2054 CW, 2007 WL 1455908, at *1 (N.D. Cal. May 16, 2007); Kulya v. City & Cty. of San Francisco, No. C 06-06539JSW, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007); the Court still shall require that the petition for appointment as guardian ad litem be filed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for an order finding that appointment of a guardian ad litem is unnecessary is DENIED; and

2. Plaintiffs shall file a petition for appointment of a guardian ad litem within **ten (10) days** of the date of entry of this order.

IT IS SO ORDERED.

Dated:  **April 15, 2019**

_____
UNITED STATES MAGISTRATE JUDGE