# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD ABUL HASNAT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL POMPEO, et al.,<br><br>Defendants. | Case No. 1:19-cv-00388-LJO-SAB<br><br>ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM AND VACATING JUNE 19, 2019 HEARING<br><br>(ECF No. 12) |

On March 22, 2019, Plaintiffs Mohammad Abul Hasnat, Nuzhat Aslam, Muhammad Aslam Chaudhry, and minors Q, R, and M, filed a complaint in this action. On April 22, 2019, Plaintiff Nuzhat Aslam filed an unopposed motion to be appointed guardian ad litem for her minor children, Q, R, and M. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on June 19, 2019, will be vacated and the parties will not be required to appear at that time.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may sue or defend on the incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of

specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. Id., at *2.

The Court has considered the motion by Nuzhat Aslam to be appointed as guardian ad litem for Q, R, and M, who are plaintiffs in this action and finds that no conflict that would preclude her serving as a guardian ad litem for Q, R, and M.

Accordingly, IT IS HEREBY ORDERED that:

1. Nuzhat Aslam is appointed as Guardian Ad Litem for her children, Q, R, and M; and

2. The hearing set for June 19, 2019 is VACATED and the parties need not appear on that date.

IT IS SO ORDERED.

Dated: **April 23, 2019**

_____
UNITED STATES MAGISTRATE JUDGE